HARTZ, Circuit Judge,
concurring,
joined by GORSUCH, Circuit Judge.
I join.
I confess, however, some confusion about Colorado law. In particular, can an insurer be liable under Colo. Rev. Stat. § 10-3-1116 if it reasonably believes that it has provided no coverage for the injury? One might infer that the answer is no from language in the Colorado Supreme Court’s recent decision in Am. Family Mut. Ins. Co. v. Hansen, 375 P.3d 115, 2016 WL 3398507 (June 20, 2016). After ruling that the insurance policy, on its face (but before reformation), did not provide coverage, the court wrote, “Hansen’s statutory claim must therefore fail, because American Family had a reasonable basis for denying coverage.” Id. at 122, 2016 WL 3398507 at *7. This conclusion makes sense, because it is reasonable to delay payment if it is reasonable to believe that no payment is due.
What complicates matters is that the state Court of Appeals had said in the same case that American Family could be liable under the statute even if its denial of coverage was a “fairly debatable” position. And the Supreme Court said, “Because we find that American Family had a reasonable basis for denying coverage based on the unambiguous language of the contract, we need not consider its alternative argument that its denial of coverage was, at the very least, a ‘fairly debatable’ position.” Id. This sentence leaves open the possibility that a “fairly debatable” position may not be a “reasonable” position and would leave an insurer open to potential statutory liability if its position was merely “fairly debatable.”
But a jury instruction in this case said, “A justification is ‘fairly debatable’ if reasonable minds could disagree as to the coverage-determining facts or law.” Aplt. App. at 776. It seems to me that a reason *1232 able person could infer from the instruction that there is no difference between “fairly debatable” and “reasonable.” As a result, the jury may have found Owners liable under the statute even though it thought that Owners took a reasonable position in rejecting causation. But Owners does not pursue that point on appeal. Because I believe, although it is a close case, that the jury could have found Owners’ position on causation unreasonable, I agree with affirmance.